USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                      :

PAUL REIFFER,                                   :

                                    Plaintiff,  :                1:22-cv-2374-GHW

            -against-                       :                **MEMORANDUM**
                                                      :                **OPINION & ORDER**

NYC LUXURY LIMOUSINE LTD.,  :

                              Defendant.   :

-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

On June 15, 2023, the Court granted Plaintiff's motion for summary judgment in this case. *Reiffer v. NYC Luxury Limousine Ltd.,* No. 1:22-CV-2374-GHW, 2023 WL 4029400 (S.D.N.Y. June 15, 2023). In its opinion, the Court determined that Plaintiff was also entitled to an award of attorney's fees and costs pursuant to both 17 U.S.C. § 505 and 17 U.S.C. § 1203. *Reiffer*, 2023 WL 4029400, at *11–13. The Court ordered Plaintiff to file a motion for its attorney's fees and costs by June 25, 2023, and directed that any opposition be filed no later than July 6, 2023. *Id.* at *6. Plaintiff filed its motion and supporting documentation on June 23, 2023. Dkt. No. 38. Defendant has not filed an opposition.

## II. LEGAL STANDARD

A court awarding fees to a prevailing party begins with a lodestar analysis. "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183

(2d Cir. 2008)).  While presumptively reasonable, the lodestar is not "conclusive in all circumstances."  *Id.* at 167 (quoting *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553 (2010)).  A district court "may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee.  However, such adjustments are appropriate only in rare circumstances, because the lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee."  *Id.* (internal quotations and citations omitted, alteration in original).  District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees.  *Arbor Hill*, 522 F.3d at 190.

To determine a reasonable hourly rate, the Second Circuit has directed that district "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee."  *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).  Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

To determine a reasonable hourly rate, the Second Circuit has also instructed district courts to "bear in mind *all* of the case-specific variables."  *Arbor Hill*, 522 F.3d at 190.  The touchstone inquiry is "what a reasonable, paying client would be willing to pay."  *Id.* at 184; *see id.* at 192 ("By asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services.").  The court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" and "should also consider that [a client] might be able to negotiate with his or her attorneys."  *Id.* at 190.  A district court may additionally factor into its determination "the difficulty of the questions involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's experience, ability and

reputation[,] the customary fee charged by the Bar for similar services[,] and the amount involved." *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *2 (S.D.N.Y. Dec. 6, 2010) (alterations in original) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)), *report and recommendation adopted*, No. 09 Civ. 8665 (JGK), 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011); *see also Arbor Hill*, 522 F.3d at 190 ("[T]he district court should consider . . . the Johnson factors . . . .").

After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee. A court should exclude from the lodestar calculation "excessive, redundant[,] or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999). "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1989) (internal quotation marks omitted). That said, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

"The district court retains discretion to determine what constitutes a reasonable fee." *Millea*, 658 F.3d at 166 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id.* "Attorney's fees must be reasonable in terms of the circumstances of the particular case . . . ." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999).

### III. DISCUSSION

#### A. Attorney's Fees

##### 1. Reasonable Rates

The hourly rates billed by Plaintiff's counsel during the relevant time period were reasonable, with the limited exceptions noted below. During the relevant time period, each of the two partners involved in this case, Joseph A. Dunne and Evan Andersen, billed at a rate of $450 per hour. This rate is within the range of acceptable billing rates for partners litigating intellectual property disputes in this district. *See, e.g.*, *Aquavit Pharmaceuticals, Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351, 2021 WL 4312579, at *28 (S.D.N.Y. July 16, 2021) (finding hourly rates of $575 and $600 "reasonable in this District for work on complex intellectual properties"), *adopted as modified*, 2021 WL 3862054 (S.D.N.Y. Aug. 30, 2021); *Latin Am. Music Co., Inc. v. Spanish Broadcasting System, Inc.*, 13-CV-1526, 2020 WL 2848232, at *6 (S.D.N.Y. June 1, 2020) (Sullivan, J.) ("[C]ourts in this district have generally found hourly rates of $400 to roughly $750 to be appropriate for partners in copyright and intellectual property cases . . . .") (collecting cases). That the rate charged is at the lower end of the range is particularly appropriate here, given the relatively straight-forward nature of the claims pursued in this case, and the lack of an effective defense.

The principal associate on this case, Eliezer Lekht, billed his time at an hourly rate of $325 per hour. A third year associate, Mr. Lekht took on substantial responsibility for litigating this case—he accounts for 62.1 of the approximately 70 hours of attorney time billed to this matter. The rate that he billed is within the range of rates billed by associates of his seniority litigating intellectual property matters. *See, e.g.*, *Latin Am. Music Co., Inc.*, 2020 WL 2848232, at *7 ("[C]ourts in the Southern District have generally found hourly rates of $200 to $450 to be reasonable in copyright cases") (collecting cases). The rate charged by Mr. Lekht is reasonable given the complexity of the case and the scope of his responsibilities in litigating it.

4

Each of the paralegals involved in this case—Lia Williams, Jamie James, and Lindsey Colyer—billed at an hourly rate of $175 to $200 per hour. This rate is commensurate with the hourly rate charged by paralegals in intellectual property cases in this district. *See, e.g., Capitol Recs., LLC v. ReDigi Inc.,* No. 1:12-CV-95 (RJS), 2022 WL 3348385, at *4 (S.D.N.Y. Aug. 12, 2022) (Sullivan, J.) (reducing the fee for paralegals on a copyright infringement case to $200 per hour) (collecting cases); *Latin Am. Music Co.*, 2020 WL 2848232, at *7 (noting that "judges in the Southern District of New York have generally found hourly rates of $150 to $200 to be reasonable for paralegals in copyright cases") (collecting cases). This rate is appropriate given the complexity of the case and the nature of the work performed by each of these paralegals on it.

Plaintiff's counsel also seeks compensation for 0.6 hours in the aggregate billed by Laura Yepes and Tyler Unfer. Each of them is described as a "Client Services Liaison." Their time was billed at a rate ranging from $175 to $225 per hour. No information was provided to the Court regarding the qualifications of either individual. The tasks that they performed, as detailed in their billing entries, are purely clerical in nature. The Supreme Court held over three decades ago that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989). "Since that time, case law holds that such secretarial tasks are considered part of a firm's overhead and are not to be included as part of an award for costs and fees." *O.R. v. New York City Dep't of Educ.*, 340 F. Supp. 3d 357, 368 (S.D.N.Y. 2018). As a result, the Court will not award fees for the time billed by Ms. Yepes and Mr. Unfer.

### 2. Reasonable Number of Hours

The hours expended by counsel and the paralegals in this case were reasonable. Indeed, the case was efficiently staffed and litigated. As noted above, substantially all of the legal work on the case was undertaken by a third year associate with a reasonable amount of supervision by the

partners involved in the case. The Court finds that the amount of hours billed by Plaintiff's counsel in this litigation were reasonable.

### B. Reimbursement of Costs

The costs that Plaintiff's counsel seeks to recover are appropriate and reasonable. Plaintiff's counsel seeks reimbursement of a total of only $491.20 in costs expended litigating this matter, consisting of the $402.00 filing fee and $89.20 to pay to serve process. "[A]ttorney[s'] fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). "As with attorneys' fees, the requesting party must substantiate the request for costs. Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts." *Guo v. Tommy's Sushi, Inc.*, No. 14 CIV. 3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016). "Filing fees are recoverable without supporting documentation if verified by the docket." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721-MKB-SJB, 2019 WL 312149, at *12 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, No. 17CV05721MKBSJB, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019); *Philpot v. Music Times LLC,* No. 16CV1277 (DLC) (DF), 2017 WL 9538900, at *1 (S.D.N.Y. Mar. 29, 2017), *report and recommendation adopted,* No. 16CV1277 (DLC), 2017 WL 1906902 (S.D.N.Y. May 9, 2017) (noting that the filing fee is "a fact of which the Court can take judicial notice"). The docket indicates that the filing fee was paid. Dkt. No. 38-1. And Plaintiff's counsel's invoice documents the payment as well. Dkt. No. 38-2.

Plaintiff's application for reimbursement of its process server fee is sufficiently substantiated. To document costs for which reimbursement is sought, in addition to invoices and receipts, "[a] sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." *Guo*, 2016 WL 452319, at *3. Here, the modest process server fee is documented both through an invoice and an affidavit submitted by counsel. Dkt. Nos. 38-1

6

and 38-2. As a result, the full amount of costs for which Plaintiff's counsel seeks reimbursement is compensable.

## IV.  CONCLUSION

The Court awards Plaintiff $28,620 in attorneys' fees and $491.20 in costs. These amounts, together with the $30,500 awarded to Plaintiff in statutory damages sum to $59,611.20.

The Clerk of Court is directed to enter judgment in the amount of $59,611.20 against Defendant, to terminate the motion pending at Dkt. No. 38 and to close this case.

SO ORDERED.

Dated: August 8, 2023  
New York, New York

                                          GREGORY H. WOODS  
                                          United States District Judge